IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DANIEL SIEGFRIED, :
:
    Plaintiff, : C.A. No.:
:
v. :
:
McNEIL CONSUMER & SPECIALTY :
PHARMACEUTICALS, A DIVISION OF :
McNEIL-PPC, INC., a foreign corporation, :
JOHNSON & JOHNSON-MERCK : **JURY OF SIX DEMANDED**
CONSUMER PHARMACEUTICALS CO., :
a foreign corporation, and JOHNSON & :
JOHNSON, a foreign corporation, :
:
    Defendants.

## COMPLAINT

### PARTIES

1. Plaintiff, Daniel Siegfried, is an individual who resides at P.O. Box 382, Analomink, Pennsylvania 18320.

2. Defendant, McNeil Consumer & Specialty Pharmaceuticals, a division of McNeil-PPC, Inc. (hereinafter referred to as "McNeil"), is a foreign corporation whose principal place of business is located at 7050 Camp Hill Road, Fort Washington, Pennsylvania 19034. [DENIAL OF THIS ALLEGATION BY THE DEFENDANT MUST BE MADE BY AFFIDAVIT PURSUANT TO 10 Del. C. § 3915].

3. Defendant, Johnson & Johnson- Merck Consumer Pharmaceuticals Co., is a foreign corporation whose principal place of business is located at 7050 Camp Hill Road, Fort Washington, Pennsylvania 19034. [DENIAL OF THIS ALLEGATION BY THE DEFENDANT MUST BE MADE BY AFFIDAVIT PURSUANT TO 10 Del. C. § 3915].

4. Defendant, Johnson & Johnson, is a foreign corporation whose principal place of business is located at One Johnson & Johnson Plaza, New Brunswick, New Jersey 08933.

[DENIAL OF THIS ALLEGATION BY THE DEFENDANT MUST BE MADE BY AFFIDAVIT PURSUANT TO 10 Del. C. § 3915].

## JURISDICTION

5. Paragraphs 1 through 4 are incorporated herein by reference.

6. Jurisdiction is conferred pursuant to 28 U.S.C. §1332(a)(1) and § 1332(c)(1) as the amount in controversy exceeds $75,000.00 and the action is between citizens of different states. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a), as this is the judicial district in which some of the defendants reside and the judicial district in which a substantial part of the events or omissions giving rise to this claim occurred.

## FACTUAL ALLEGATIONS

7. On or about June 5, 2005, at approximately 11:00 a.m., the plaintiff, Daniel Siegfried, was a passenger on the back of a "Team Tylenol" promotional golf cart, at the Dover International Speedway in Dover, Delaware.

8. At the aforementioned time and place, the golf cart, recklessly operated by an unidentified employee, made a sharp turn on the racetrack, throwing the plaintiff off the back of the cart onto the blacktop track, resulting in severe personal injuries to the plaintiff, Daniel Siegfried.

9. On the above-mentioned date, the unidentified operator of the golf cart was an employee of McNeil and/or Johnson & Johnson-Merck Consumer Pharmaceuticals Co. and/or Johnson & Johnson, and was acting within the scope of his employment.

10. At all times relevant, the defendant, McNeil, owned, maintained, managed, and/or controlled the golf cart and was responsible for the promotional campaign at the Dover Motor Speedway.

Doroshow, Pasquale, Krawitz & Bhaya
1202 Kirkwood Highway
Wilmington, Delaware 19805
302-998-0100

11. At all times relevant, the defendant, Johnson & Johnson- Merck Consumer Pharmaceuticals Co., owned, maintained, managed, and/or controlled the golf cart and was responsible for the promotional campaign at the Dover Motor Speedway.

12. At all times relevant, the defendant, Johnson & Johnson owned, maintained, managed, and/or controlled the golf cart and was responsible for the promotional campaign at the Dover Motor Speedway.

## COUNT I
## CLAIM AGAINST McNEIL

13. Paragraphs 1 through 12 are incorporated by reference.

14. The direct and proximate cause of the plaintiff's injuries was the negligence of the defendant, McNeil, its agents, servants and/or employees while acting in the course and scope of their employment.

15. The negligence of McNeil, agents, servants, and/or employees is imputed onto the defendant, McNeil.

16. The unknown employee, who operated the golf cart, was an employee of the defendant, McNeil, acting within the scope of his employment at all times relevant.

17. A proximate cause of the aforesaid collision was the negligence of the defendant, McNeil, by negligently hiring the unidentified employee, whom they knew or should have known would act in a manner likely to cause injury to third persons.

18. Defendant, McNeil, did not use reasonable care in selecting an employee, specifically the operator of the golf cart, competent for the work intended.

19. The defendant, McNeil, by negligently hiring a person whom they knew or should have known would act in a manner likely to cause injuries to third parties, acted in a manner which constituted willful and wanton disregard for the safety of others, including the plaintiff, Daniel Siegfried.

20. The direct and proximate result of the accident was the negligence of the defendant, McNeil, as follows:

(a) It knew or should have known of the existence of an unsafe condition on its property, namely the slippery substance on the seats of the golf cart;

(b) It failed to provide a seat restraining device;

(c) It failed to take adequate steps to prevent the dangerous conditions then existing;

(d) It failed to remedy the dangerous conditions within a reasonable period of time after it became aware or should have become aware of the dangerous condition;

(e) It failed to take reasonable precautions to prevent this accident from happening;

(f) It failed to maintain its property in a safe condition;

(g) It failed to adequately remove dangerous conditions from its property so it would be safe for individuals to sit on said property;

(h) It failed to provide an alternate location for the plaintiff to sit to prevent individuals from encountering the dangerous condition;

(i) It acted with willful or wanton disregard for the safety of others, including the plaintiff, Daniel Siegfried.

(j) It failed to fulfill its duty to protect individuals riding on the vehicle, including the plaintiff, Daniel Siegfried, from dangerous conditions.

(k) It failed to adequately supervise and/or train its employees including the employee that operated the vehicle;

(l) It was otherwise negligent.

Doroshow, Pasquale,
Krawitz & Bhaya
1202 Kirkwood Highway
Wilmington, Delaware 19805
302-998-0100

## COUNT II
## CLAIM AGAINST JOHNSON & JOHNSON- MERCK CONSUMER PHARMACUETICALS CO.

21. Paragraphs 1 through 20 are incorporated by reference.

22. The direct and proximate cause of the plaintiff's injuries was the negligence of the defendant, Johnson & Johnson- Merck Consumer Pharmaceuticals Co., its agents, servants and/or employees while acting in the course and scope of their employment.

23. The negligence of Johnson & Johnson- Merck Consumer Pharmaceuticals Co.'s agents, servants, and/or employees is imputed onto the defendant, Johnson & Johnson- Merck Consumer Pharmaceuticals Co..

24. The unknown employee, who operated the golf cart, was an employee of the defendant, Johnson & Johnson- Merck Consumer Pharmaceuticals Co., acting within the scope of his employment at all times relevant.

25. A proximate cause of the aforesaid collision was the negligence of the defendant, Johnson & Johnson- Merck Consumer Pharmaceuticals Co., by negligently hiring the unidentified employee, whom they knew or should have known would act in a manner likely to cause injury to third persons.

26. Defendant, Johnson & Johnson- Merck Consumer Pharmaceuticals Co., did not use reasonable care in selecting an employee, specifically the operator of the golf cart, competent for the work intended.

27. The defendant, Johnson & Johnson- Merck Consumer Pharmaceuticals Co., by negligently hiring a person whom they knew or should have known would act in a manner likely to cause injuries to third parties, acted in a manner which constituted willful and wanton disregard for the safety of others, including the plaintiff, Daniel Siegfried.

28. The direct and proximate result of the accident was the negligence of the defendant, Johnson & Johnson- Merck Consumer Pharmaceuticals Co., as follows:

(a) It knew or should have known of the existence of an unsafe condition on its property, namely the slippery substance on the seats of the golf cart;

(b) It failed to provide a seat restraining device;

(c) It failed to take adequate steps to prevent the dangerous conditions then existing;

(d) It failed to remedy the dangerous conditions within a reasonable period of time after it became aware or should have become aware of the dangerous condition;

(e) It failed to take reasonable precautions to prevent this accident from happening;

(f) It failed to maintain its property in a safe condition;

(g) It failed to adequately remove dangerous conditions from its property so it would be safe for individuals to sit on said property;

(h) It failed to provide an alternate location for the plaintiff to sit to prevent individuals from encountering the dangerous condition;

(i) It acted with willful or wanton disregard for the safety of others, including the plaintiff, Daniel Siegfried.

(j) It failed to fulfill its duty to protect individuals riding on the vehicle, including the plaintiff, Daniel Siegfried, from dangerous conditions.

(k) It failed to adequately supervise and/or train its employees including the employee that operated the vehicle;

(l) It was otherwise negligent.

## COUNT III
## CLAIM AGAINST JOHNSON & JOHNSON

29. Paragraphs 1 through 28 are incorporated by reference.

30. The direct and proximate cause of the plaintiff's injuries was the negligence of the defendant, Johnson & Johnson, its agents, servants and/or employees while acting in the course and scope of their employment.

31. The negligence of Johnson & Johnson's agents, servants, and/or employees is imputed onto the defendant, Johnson & Johnson.

32. The unknown employee, who operated the golf cart, was an employee of the defendant, Johnson & Johnson, acting within the scope of his employment at all times relevant.

33. A proximate cause of the aforesaid collision was the negligence of the defendant, Johnson & Johnson, by negligently hiring the unidentified employee, whom they knew or should have known would act in a manner likely to cause injury to third persons.

34. Defendant, Johnson & Johnson, did not use reasonable care in selecting an employee, specifically the operator of the golf cart, competent for the work intended.

35. The defendant, Johnson & Johnson, by negligently hiring a person whom they knew or should have known would act in a manner likely to cause injuries to third parties, acted in a manner which constituted willful and wanton disregard for the safety of others, including the plaintiff, Daniel Siegfried.

36. The direct and proximate result of the accident was the negligence of the defendant, Johnson & Johnson, as follows:

(a) It knew or should have known of the existence of an unsafe condition on its property, namely the slippery substance on the seats of the golf cart;

(b) It failed to provide a seat restraining device;

(c) It failed to take adequate steps to prevent the dangerous conditions then existing;

(d) It failed to remedy the dangerous conditions within a reasonable period of time after it became aware or should have become aware of the dangerous condition;

Doroshow, Pasquale,
Krawitz & Bhaya
1202 Kirkwood Highway
Wilmington, Delaware 19805
302-998-0100

(e) It failed to take reasonable precautions to prevent this accident from happening;

(f) It failed to maintain its property in a safe condition;

(g) It failed to adequately remove dangerous conditions from its property so it would be safe for individuals to sit on said property;

(h) It failed to provide an alternate location for the plaintiff to sit to prevent individuals from encountering the dangerous condition;

(i) It acted with willful or wanton disregard for the safety of others, including the plaintiff, Daniel Siegfried.

(j) It failed to fulfill its duty to protect individuals riding on the vehicle, including the plaintiff, Daniel Siegfried, from dangerous conditions.

(k) It failed to adequately supervise and/or train its employees including the employee that operated the vehicle;

(l) It was otherwise negligent.

### CLAIM IV
### CLAIM OF DANIEL SIEGFRIED

37. Paragraphs 1 through 36 are incorporated by reference.

38. As a direct and proximate result of the defendants' negligence, the plaintiff, Daniel Siegfried, suffered personal injuries both of a temporary and permanent nature, including, but not limited to: injuries to the thoracic and lumbar spine.

39. As a consequence of his injuries, the plaintiff, Daniel Siegfried, has been required to undergo prolonged medical treatment, including but not limited to interventional procedures such as sacroiliac joint and selective nerve blocks and epidurals.

40. As a further consequence of his injuries, the plaintiff, Daniel Siegfried, has experienced, continues to experience and is likely to experience in the future, substantial physical pain and suffering, and discomfort.

41. As a further consequence of his injuries, the plaintiff, Daniel Siegfried, has experienced, continues to experience and is likely to experience in the future, emotional pain suffering, anxiety and nervousness.

42. As a further result of the defendants' negligence, the plaintiff, Daniel Siegfried, has incurred, and may in the future continue to incur, medical bills for the treatment of the injuries sustained in the accident.

WHEREFORE, the plaintiff prays that this Court enter judgment against the defendants, McNeil Consumer & Specialty Pharmaceuticals, a division of McNeil-PPC, Inc., Johnson & Johnson- Merck Consumer Pharmaceuticals Co. and Johnson & Johnson, jointly and severally, for all compensatory and special damages and the cost of this action, along with any additional relief that the Court may deem proper

DOROSHOW, PASQUALE,
KRAWITZ & BHAYA

2-22-07

By: _____
ARTHUR M. KRAWITZ (I.D. NO.: 2440)
MATTHEW R. FOGG (I.D. NO.: 4254)
1202 Kirkwood Highway
Wilmington, DE 19805
(302) 998-0100
Attorneys for Plaintiff
ArthurKrawitz@dplaw.com
MattFogg@dplaw.com

JS 44 (Rev. 11/04)  **CIVIL COVER SHEET**  07-118

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DANIEL SIEGFRIED

**DEFENDANTS**
McNEIL Consumer & Specialty Pharmaceutical a division of McNeil-PPC, Inc., Johnson & Johnson-Merck Consumer Pharmaceuticals Co and Johnson & Johnson

(b) County of Residence of First Listed Plaintiff: Analomink, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Fort Washington, PA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Arthur M. Krawitz, Matthew R. Fogg
Doroshow, Pasquale, Krawitz & Bhaya
1202 Kirkwood Hwy, Wilmington, DE 19805

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
| ☐ 290 All Other Real Property |  / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332(a)(i) and 1332(c)(1), 28 USC 1391(a)
Brief description of cause:
Plaintiff was thrown from golf cart while promoting Tylenol.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: 2/23/07
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 146566  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

May Consent issued
SI-3

Doroshow Pasquale

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. __0 7 - 1 1 8__

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## NOTICE OF AVAILABILITY OF A
## UNITED STATES MAGISTRATE JUDGE
## TO EXERCISE JURISDICTION

I HEREBY ACKNOWLEDGE RECEIPT OF _____ COPIES OF AO FORM 85.

__2/26/07__
(Date forms issued)

_____
(Signature of Party or their Representative)

__Chris Warnick__
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action