## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

DANIEL SIEGFRIED,                                :
                                                 :
     Plaintiff,                             :      **C.A. No.: 07-118 GMS**
                                                 :
v.                                               :
                                                 :
McNEIL CONSUMER HEALTHCARE &                     :
SPECIALTY PHARMACEUTICALS, A                     :
DIVISION OF McNeil-PPC, INC., a                  :
foreign corporation, JOHNSON &                   :      **JURY OF SIX DEMANDED**
JOHNSON- MERCK CONSUMER                          :
PHARMACEUTICALS CO., a foreign                   :
corporation, and JOHNSON & JOHNSON,              :
a foreign corporation, SFGT, INC., a             :
foreign corporation, MILLSPORT L.L.C., a         :
Delaware corporation, and ANDREW                 :
MCVEY, an individual,                            :
                                                 :
     Defendants.                            :

## AMENDED COMPLAINT

### PARTIES

1.     Plaintiff, Daniel Siegfried, is an individual who resides at P.O. Box 382, Analomink, Pennsylvania 18320.

2.     Defendant, McNeil Consumer Healthcare & Specialty Pharmaceuticals, a division of McNeil-PPC, Inc. (hereinafter referred to as "McNeil"), is a foreign corporation whose principal place of business is located at 7050 Camp Hill Road, Fort Washington, Pennsylvania 19034. [DENIAL OF THIS ALLEGATION BY THE DEFENDANT MUST BE MADE BY AFFIDAVIT PURSUANT TO 10 Del. C. § 3915].

3.     Defendant, Johnson & Johnson- Merck Consumer Pharmaceuticals, Co., is a foreign corporation whose principal place of business is located at One Johnson & Johnson Plaza, New Brunswick, New Jersey 08933. [DENIAL OF THIS ALLEGATION BY THE DEFENDANT MUST BE MADE BY AFFIDAVIT PURSUANT TO 10 Del. C. § 3915].

4.    Defendant, Johnson & Johnson, is a foreign corporation whose principal place of business is located at One Johnson & Johnson Plaza, New Brunswick, New Jersey 08933. [DENIAL OF THIS ALLEGATION BY THE DEFENDANT MUST BE MADE BY AFFIDAVIT PURSUANT TO 10 Del. C. § 3915].

5.    Defendant, SFGT, Inc., is a foreign corporation whose principal place of business is located at 2215 Walnut Street, Philadelphia, Pennsylvania 19103. [DENIAL OF THIS ALLEGATION BY THE DEFENDANT MUST BE MADE BY AFFIDAVIT PURSUANT TO 10 Del. C. § 3915].

6.    Defendant, Millsport, L.L.C., is a Delaware limited liability company whose registered agent is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington Delaware 19808. [DENIAL OF THIS ALLEGATION BY THE DEFENDANT MUST BE MADE BY AFFIDAVIT PURSUANT TO 10 Del. C. § 3915].

7.    Defendant, Andrew McVey, in an individual who resides at 915 Gardeen Plaza, Orlando, Florida 32803.

Doroshow, Pasquale,
Krawitz & Bhaya
1202 Kirkwood Highway
Wilmington, Delaware 19805
302-998-0100

## JURISDICTION

8.5.    Paragraphs 1 through 4 are incorporated herein by reference.

9.6.    Jurisdiction is conferred pursuant to 28 U.S.C. §1332(a)(1) and § 1332(c)(1) as the amount in controversy exceeds $75,000.00 and the action is between citizens of different states.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(a), as this is the judicial district in which some of the defendants reside and the judicial district in which a substantial part of the events or omissions giving rise to this claim occurred.

## FACTUAL ALLEGATIONS

10.7.    On or about June 5, 2005, at approximately 11:00 a.m., the plaintiff, Daniel Siegfried, was a passenger on the back of a "Team Tylenol" promotional golf cart, at the Dover International Speedway in Dover, Delaware.

11.8.    At the aforementioned time and place, the golf cart, recklessly operated by Andrew McVey an unidentified employee, made a sharp turn on the racetrack, throwing the plaintiff off the back of the cart onto the blacktop track, resulting in severe personal injuries to the plaintiff, Daniel Siegfried.

12.9.    On the above-mentioned date, Andrew McVey the unidentified operator of the golf cart was an employee of McNeil and/or Johnson & Johnson, and was acting within the scope of his employment.

13.    On the above-mentioned date, Andrew McVey was an employee of Johnson & Johnson- Merck Consumer Pharmaceuticals, Co., and was acting within the scope of his employment.

14.    On the above-mentioned date, Andrew McVey was an employee of Johnson & Johnson, and was acting within the scope of his employment.

15.    On the above-mentioned date, Andrew McVey was an employee of SFGT, Inc., and was acting within the scope of his employment.

16.    On the above-mentioned date, Andrew McVey was an employee of Millsport, L.L.C., and was acting within the scope of his employment

17.~~10~~. At all times relevant, the defendant, McNeil, owned, maintained, managed, and/or controlled the golf cart and was responsible for the promotional campaign at the Dover Motor Speedway.

18.~~11~~. At all times relevant, the defendant, Johnson & Johnson- Merck Consumer Pharmaceuticals, Co., owned, maintained, managed, and/or controlled the golf cart and was responsible for the promotional campaign at the Dover Motor Speedway.

19.~~12~~. At all times relevant, the defendant, Johnson & Johnson, owned, maintained, managed, and/or controlled the golf cart and was responsible for the promotional campaign at the Dover Motor Speedway.

20.    At all times relevant, the defendant, SFGT, Inc., owned, maintained, managed, and/or controlled the golf cart and/or was responsible for the promotional campaign at the Dover Motor Speedway.

21.    At all times relevant, the defendant, Millsport, L.L.C., owned, maintained, managed, and/or controlled the golf cart and/or was responsible for the promotional campaign at the Dover Motor Speedway.

## COUNT I
## CLAIM AGAINST McNEIL

22.~~13~~. Paragraphs 1 through 21 ~~12~~ are incorporated by reference.

23.~~14~~. The direct and proximate cause of the plaintiff's injuries was the negligence of the defendant, McNeil, its agents, servants and/or employees while acting in the course and scope of their employment.

24.~~15~~. The negligence of McNeil, agents, servants, and/or employees is imputed onto the defendant, McNeil.

25.~~16~~. ~~The unknown employee, who operated~~ The operator of the golf cart, Andrew McVey, was an employee of the defendant, McNeil, acting within the scope of his employment at all times relevant.

26.~~17~~. A proximate cause of the aforesaid collision was the negligence of the defendant, McNeil, by negligently hiring Andrew McVey ~~the unidentified employee~~, whom they knew or should have known would act in a manner likely to cause injury to third persons.

27.~~18~~. Defendant, McNeil, did not use reasonable care in selecting an employee, specifically Andrew McVey, the operator of the golf cart, competent for the work intended.

28.~~19~~. The defendant, McNeil, by negligently hiring a person whom they knew or should have known would act in a manner likely to cause injuries to third parties, acted in a manner which constituted willful and wanton disregard for the safety of others, including the plaintiff, Daniel Siegfried.

29.~~20~~. The direct and proximate result of the accident was the negligence of the defendant, McNeil, as follows:

(a)    It knew or should have known of the existence of an unsafe condition on its property, namely the slippery substance on the seats of the golf cart;

(b)    It failed to provide a seat restraining device;

(c)    It failed to take adequate steps to prevent the dangerous conditions then existing;

(d)    It failed to remedy the dangerous conditions within a reasonable period of time after it became aware or should have become aware of the dangerous condition;

(e)    It failed to take reasonable precautions to prevent this accident from happening;

(f)     It failed to maintain its property in a safe condition;

(g)     It failed to adequately remove dangerous conditions from its property so it would be safe for individuals to sit on said property;

(h)     It failed to provide an alternate location for the plaintiff to sit to prevent individuals from encountering the dangerous condition;

(i)     It acted with willful or wanton disregard for the safety of others, including the plaintiff, Daniel Siegfried.

(j)     It failed to fulfill its duty to protect individuals riding on the vehicle, including the plaintiff, Daniel Siegfried, from dangerous conditions.

(k)     It failed to adequately supervise and/or train its employees including the employee that operated the vehicle;

(l)     It was otherwise negligent.

## COUNT II
## CLAIM AGAINST JOHNSON & JOHNSON- MERCK CONSUMER PHARMACEUTICALS CO.

30.~~21~~. Paragraphs 1 through 29 ~~20~~ are incorporated by reference.

31.~~22~~. The direct and proximate cause of the plaintiff's injuries was the negligence of the defendant, Johnson & Johnson- Merck Consumer Pharmaceuticals Co., its agents, servants and/or employees while acting in the course and scope of their employment.

32.~~23~~. The negligence of Johnson & Johnson- Merck Consumer Pharmaceuticals Co.'s agents, servants, and/or employees is imputed onto the defendant, Johnson & Johnson- Merck Consumer Pharmaceuticals Co.

33.24. ~~The unknown employee, who operated~~ The operator of the golf cart, Andrew McVey, was an employee of the defendant, Johnson & Johnson- Merck Consumer Pharmaceuticals Co., acting within the scope of his employment at all times relevant.

34.25. A proximate cause of the aforesaid collision was the negligence of the defendant, Johnson & Johnson- Merck Consumer Pharmaceuticals Co., by negligently hiring Andrew McVey ~~the unidentified employee,~~ whom they knew or should have known would act in a manner likely to cause injury to third persons.

35.26. Defendant, Johnson & Johnson- Merck Consumer Pharmaceuticals Co., did not use reasonable care in selecting an employee, specifically Andrew McVey, the operator of the golf cart, competent for the work intended.

36.27. The defendant, Johnson & Johnson- Merck Consumer Pharmaceuticals Co., by negligently hiring a person whom they knew or should have known would act in a manner likely to cause injuries to third parties, acted in a manner which constituted willful and wanton disregard for the safety of others, including the plaintiff, Daniel Siegfried.

37.28. The direct and proximate result of the accident was the negligence of the defendant, Johnson & Johnson- Merck Consumer Pharmaceuticals Co., as follows:

(a)    It knew or should have known of the existence of an unsafe condition on its property, namely the slippery substance on the seats of the golf cart;

(b)    It failed to provide a seat restraining device;

(c)    It failed to take adequate steps to prevent the dangerous conditions then existing;

(d)    It failed to remedy the dangerous conditions within a reasonable period of time after it became aware or should have become aware of the dangerous condition;

(e)    It failed to take reasonable precautions to prevent this accident from happening;

(f)     It failed to maintain its property in a safe condition;

(g)     It failed to adequately remove dangerous conditions from its property so it would be safe for individuals to sit on said property;

(h)     It failed to provide an alternate location for the plaintiff to sit to prevent individuals from encountering the dangerous condition;

(i)     It acted with willful or wanton disregard for the safety of others, including the plaintiff, Daniel Siegfried.

(j)     It failed to fulfill its duty to protect individuals riding on the vehicle, including the plaintiff, Daniel Siegfried, from dangerous conditions.

(k)     It failed to adequately supervise and/or train its employees including the employee that operated the vehicle;

(l)     It was otherwise negligent.

## COUNT III
## CLAIM AGAINST JOHNSON & JOHNSON

38.~~29~~. Paragraphs 1 through 37 ~~28~~ are incorporated by reference.

39.~~30~~. The direct and proximate cause of the plaintiff's injuries was the negligence of the defendant, Johnson & Johnson, its agents, servants and/or employees while acting in the course and scope of their employment.

40.~~31~~. The negligence of Johnson & Johnson's agents, servants, and/or employees is imputed onto the defendant, Johnson & Johnson.

41.~~32~~. ~~The unknown employee, who operated~~ The operator of the golf cart, Andrew McVey, was an employee of the defendant, Johnson & Johnson, acting within the scope of his employment at all times relevant.

42.33. A proximate cause of the aforesaid collision was the negligence of the defendant, Johnson & Johnson, by negligently hiring Andrew McVey, the unidentified employee, whom they knew or should have known would act in a manner likely to cause injury to third persons.

43.34. Defendant, Johnson & Johnson, did not use reasonable care in selecting an employee, specifically Andrew McVey, the operator of the golf cart, competent for the work intended.

44.35. The defendant, Johnson & Johnson, by negligently hiring a person whom they knew or should have known would act in a manner likely to cause injuries to third parties, acted in a manner which constituted willful and wanton disregard for the safety of others, including the plaintiff, Daniel Siegfried.

45.36. The direct and proximate result of the accident was the negligence of the defendant, Johnson & Johnson, as follows:

(a) It knew or should have known of the existence of an unsafe condition on its property, namely the slippery substance on the seats of the golf cart;

(b) It failed to provide a seat restraining device;

(c) It failed to take adequate steps to prevent the dangerous conditions then existing;

(d) It failed to remedy the dangerous conditions within a reasonable period of time after it became aware or should have become aware of the dangerous condition;

(e) It failed to take reasonable precautions to prevent this accident from happening;

(f) It failed to maintain its property in a safe condition;

(g) It failed to adequately remove dangerous conditions from its property so it would be safe for individuals to sit on said property;

(h)    It failed to provide an alternate location for the plaintiff to sit to prevent individuals from encountering the dangerous condition;

(i)    It acted with willful or wanton disregard for the safety of others, including the plaintiff, Daniel Siegfried.

(j)    It failed to fulfill its duty to protect individuals riding on the vehicle, including the plaintiff, Daniel Siegfried, from dangerous conditions.

(k)    It failed to adequately supervise and/or train its employees including the employee that operated the vehicle;

(l)    It was otherwise negligent.

## COUNT IV
## CLAIM AGAINST SFGT, INC.

46.    Paragraphs 1 through 45  are incorporated by reference.

47.    The direct and proximate cause of the plaintiff's injuries was the negligence of the defendant, SFGT, Inc., its agents, servants and/or employees while acting in the course and scope of their employment.

48.    The negligence of SFGT, Inc.'s agents, servants, and/or employees is imputed onto the defendant, SFGT, Inc.

49.    The operator of the golf cart, Andrew McVey, was an employee of the defendant, SFGT, Inc., acting within the scope of his employment at all times relevant.

50.    A proximate cause of the aforesaid collision was the negligence of the defendant, SFGT, Inc., by negligently hiring Andrew McVey, whom they knew or should have known would act in a manner likely to cause injury to third persons.

51.    Defendant, SFGT, Inc., did not use reasonable care in selecting an employee, specifically Andrew McVey, the operator of the golf cart, competent for the work intended.

52.   The defendant, SFGT, Inc., by negligently hiring a person whom they knew or should have known would act in a manner likely to cause injuries to third parties, acted in a manner which constituted willful and wanton disregard for the safety of others, including the plaintiff, Daniel Siegfried.

53.   The direct and proximate result of the accident was the negligence of the defendant, SFGT, Inc., as follows:

(a)   It knew or should have known of the existence of an unsafe condition on its property, namely the slippery substance on the seats of the golf cart;

(b)   It failed to provide a seat restraining device;

(c)   It failed to take adequate steps to prevent the dangerous conditions then existing;

(d)   It failed to remedy the dangerous conditions within a reasonable period of time after it became aware or should have become aware of the dangerous condition;

(e)   It failed to take reasonable precautions to prevent this accident from happening;

(f)   It failed to maintain its property in a safe condition;

(g)   It failed to adequately remove dangerous conditions from its property so it would be safe for individuals to sit on said property;

(h)   It failed to provide an alternate location for the plaintiff to sit to prevent individuals from encountering the dangerous condition;

(i)   It acted with willful or wanton disregard for the safety of others, including the plaintiff, Daniel Siegfried;

(j)   It failed to fulfill its duty to protect individuals riding on the vehicle, including the plaintiff, Daniel Siegfried, from dangerous conditions;

(k)    It failed to adequately supervise and/or train its employees including the employee that operated the vehicle;

(l)    It was otherwise negligent.

# COUNT V
## CLAIM AGAINST MILLSPORT, L.L.C.

54.    Paragraphs 1 through 53 are incorporated by reference.

55.    The direct and proximate cause of the plaintiff's injuries was the negligence of the defendant, Millsport, L.L.C., its agents, servants and/or employees while acting in the course and scope of their employment.

56.    The negligence of Millsport, L.L.C.'s agents, servants, and/or employees is imputed onto the defendant, Millsport, L.L.C.

57.    The operator of the golf cart, Andrew McVey, was an employee of the defendant, Millsport, L.L.C., acting within the scope of his employment at all times relevant.

58.    A proximate cause of the aforesaid collision was the negligence of the defendant, Millsport, L.L.C., by negligently hiring Andrew McVey, whom they knew or should have known would act in a manner likely to cause injury to third persons.

59.    Defendant, Millsport, L.L.C., did not use reasonable care in selecting an employee, specifically Andrew McVey, the operator of the golf cart, competent for the work intended.

60.    The defendant, Millsport, L.L.C., by negligently hiring a person whom they knew or should have known would act in a manner likely to cause injuries to third parties, acted in a manner which constituted willful and wanton disregard for the safety of others, including the plaintiff, Daniel Siegfried.

61.    The direct and proximate result of the accident was the negligence of the defendant, Millsport, L.L.C., as follows:

(a)    It knew or should have known of the existence of an unsafe condition on its property, namely the slippery substance on the seats of the golf cart;

(b)    It failed to provide a seat restraining device;

(c)    It failed to take adequate steps to prevent the dangerous conditions then existing;

(d)    It failed to remedy the dangerous conditions within a reasonable period of time after it became aware or should have become aware of the dangerous condition;

(e)    It failed to take reasonable precautions to prevent this accident from happening;

(f)    It failed to maintain its property in a safe condition;

(g)    It failed to adequately remove dangerous conditions from its property so it would be safe for individuals to sit on said property;

(h)    It failed to provide an alternate location for the plaintiff to sit to prevent individuals from encountering the dangerous condition;

(i)    It acted with willful or wanton disregard for the safety of others, including the plaintiff, Daniel Siegfried;

(j)    It failed to fulfill its duty to protect individuals riding on the vehicle, including the plaintiff, Daniel Siegfried, from dangerous conditions;

(k)    It failed to adequately supervise and/or train its employees including the employee that operated the vehicle;

(l)    It was otherwise negligent.

## COUNT VI
## CLAIM AGAINST ANDREW MCVEY

62.    Paragraphs 1 through 61 are incorporated by reference.

63.    The direct and proximate cause of the plaintiff's injuries was the negligence of the defendant, Andrew McVey as follows:

Doroshow, Pasquale,
Krawitz & Bhaya
1202 Kirkwood Highway
Wilmington, Delaware 19805
302-998-0100

     (a)    He failed to give full time and attention to the operation of the vehicle;

     (b)    He failed to maintain a proper lookout while operating the vehicle;

     (c)    He operated a vehicle in a careless and imprudent manner or without due regard to road, weather and traffic conditions then existing;

     (d)    He operated a vehicle which was not equipped with brakes adequate to control the movement of and stop such vehicle;

     (e)    He drove his vehicle in willful and wanton disregard for the safety of persons and property on said roadway;

     (f)    He failed to keep the vehicle under proper and adequate control at the time of the accident, in violation of the common law duty of care he had to others on the road, including the plaintiff, Daniel Siegfried;

     (g)    He failed to maintain and keep a proper lookout for persons and other vehicles in the area at the time of the accident, in violation of the common law duty of care he had to others on the road, including the plaintiff, Daniel Siegfried;

     (h)    He failed to operate his vehicle as a reasonable and prudent person under the circumstances in doing the aforementioned acts set forth in subparagraphs (a) through (g), in violation of the common law duty of care he had to others on the roadway, including the plaintiff, Daniel Siegfried;

     (i)    He was otherwise negligent.

### CLAIM VII ~~IV~~
### CLAIM OF DANIEL SIEGFRIED

64.~~37.~~ Paragraphs 1 through 63 ~~36~~ are incorporated by reference.

65.~~38.~~ As a direct and proximate result of the defendants' negligence, the plaintiff, Daniel Siegfried, suffered personal injuries both of a temporary and permanent nature, including, but not limited to: injuries to the thoracic and lumbar spine.

66.~~39~~.  As a consequence of his injuries, the plaintiff, Daniel Siegfried, has been required to undergo prolonged medical treatment, including but not limited to interventional procedures such as sacroiliac joint and selective nerve blocks and epidurals.

67.~~40~~.  As a further consequence of his injuries, the plaintiff, Daniel Siegfried, has experienced, continues to experience and is likely to experience in the future, substantial physical pain and suffering, and discomfort.

68.~~41~~.  As a further consequence of his injuries, the plaintiff, Daniel Siegfried, has experienced, continues to experience and is likely to experience in the future, emotional pain suffering, anxiety and nervousness.

69.~~42~~.  As a further result of the defendants' negligence, the plaintiff, Daniel Siegfried, has incurred, and may in the future continue to incur, medical bills for the treatment of the injuries sustained in the accident.

WHEREFORE, the plaintiff prays that this Court enter judgment against the defendants, McNeil Consumer <u>Healthcare</u> ~~& Specialty Pharmaceuticals~~, a division of McNeil-PPC, Inc., Johnson & Johnson- Merck Consumer Pharmaceuticals Co. ~~and~~ Johnson & Johnson, <u>SFGT, Inc., Millsport, L.L.C., and Andrew McVey,</u> jointly and severally, for all compensatory and special damages and the cost of this action, along with any additional relief that the Court may deem proper.

DOROSHOW, PASQUALE,
KRAWITZ & BHAYA


By:    /s/ MATTHEW R. FOGG
ARTHUR M. KRAWITZ (I.D. NO.: 2440)
MATTHEW R. FOGG (I.D. NO.: 4254)
1202 Kirkwood Highway
Wilmington, DE   19805
(302) 998-0100
Attorneys for Plaintiff
ArthurKrawitz@dplaw.com
MattFogg@dplaw.com

DATED: 7-18-2007