IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DANIEL SIEGFRIED, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.:   07-118 |
| | ) | |
| v. | ) | |
| | ) | |
| McNEIL CONSUMER & SPECIALTY PHARMACEUTICALS, A DIVISION OF McNEIL-PPC, INC., a foreign Corporation, JOHNSON & JOHNSON-MERCK CONSUMER PHARMACEUTICALS CO., a foreign Corporation, and JOHNSON & JOHNSON a foreign corporation, | ) ) ) ) ) ) ) ) ) | JURY OF SIX DEMANDED |
| Defendants. | ) | |

**JOINT STATUS REPORT**

1. **Jurisdiction and Service**

   a. **Does the Court Have Subject Matter Jurisdiction?**

   Because the defendants, McNeil, PPC and SFGT, Inc. are both corporations with a principal place of business in Pennsylvania and the plaintiff, Daniel Siegfried is a resident of Pennsylvania, the court may lack diversity jurisdiction pursuant to 28 U.S.C. §1332.

   However, counsel for plaintiff recently received information from defendant, SFGT, Inc. which establishes that Millsport, L.L.C. agreed to hold harmless SFGT, Inc., McNeil and their affiliates from and against any and all loss incurred as a result of any claim arising out of the June 5, 2005 NASCAR event at Dover International Speedway. Based on this information it is anticipated that plaintiff will be dismissing all defendants with the exception of Millsport, L.L.C. and Andrew McVey in the immediate future. The issue of diversity jurisdiction would therefore no longer be an issue in the case.

   b. **Are All Parties Subject to the Court's Jurisdiction?**

   See subpart a.

    c.    **Do any Remain to be Served?**

Plaintiff filed an Amended Complaint for the current action on July 18, 2007. Kimberly Meaney, Esquire, on behalf of defendants, McNeil Consumer Healthcare, Johnson & Johnson- Merck Consumer Pharmaceuticals Co. and Johnson & Johnson, has agreed to accept service of process of the amended complaint on their behalf. Plaintiff is currently awaiting service of process of the amended complaint on behalf of the remaining defendants.

2.    **Substance of the Action**

    a.    **Factual and Legal Bases for the Plaintiff's Claims**

This is a personal injury action arising out of an incident that occurred at the Dover International Speedway on June 5, 2005. At that time, plaintiff, Daniel Siegfried was working as an independent contractor for a modeling agency riding on a "Team Tylenol" golf-cart type vehicle. The golf-cart type vehicle was owned and/or under the management and/or control of one or more of the defendants. The driver of the vehicle, Andy McVey, was employed by one or more of the defendants. Plaintiff alleges that defendant corporations were negligent in the hiring and training of the defendant, Andrew McVey. Plaintiff further alleges that the defendant corporations were negligent in creating an unsafe condition on the date of the incident which resulted in serious personal injuries to the plaintiff, Daniel Siegfried. Plaintiff finally alleges that the defendant, Andrew McVey, negligently operated the golf-cart type vehicle on the date of the incident, resulting in injury to the plaintiff.

    b.    **Factual and Legal Bases for the Defendants' Claims and Defenses**

Defendants, McNeil Consumer Healthcare, Johnson & Johnson-Merck Consumer Pharmaceuticals, Co. and Johnson & Johnson deny all of the allegations in Plaintiff's Complaint and specifically deny that Andrew McVey was an employee of McNeil Consumer Healthcare, Johnson & Johnson-Merck Consumer Pharmaceuticals, Co. and/or Johnson & Johnson. Defendants also contend that they did not own and were not responsible for maintaining the golf carts. The incident in question was caused by parties, persons, entities, circumstances, actions, forces and instrumentalities over whom/which defendants had no control or right to control and for whom/which defendants had no responsibility.

Defendants have asserted numerous Affirmative Defenses which are set forth in its Answer to Plaintiff's Complaint.

3. **Identification of Issues in Dispute**
   Liability and the extent of damages.

4. **Narrowing of Issues**

   N/A to defendants, McNeil Consumer Healthcare, Johnson & Johnson-Merck Consumer Pharmaceuticals, Co. and Johnson & Johnson, because they anticipate that Plaintiff will be dismissing all defendants with the exception of Millsport, L.L.C. and Andrew McVey.

5. **Relief**

   Plaintiff seeks payment of medical bills as well as damages for pain and suffering.

6. **Amendment of the Pleadings**

   After the commencement of this action, additional parties were identified and a Stipulation to Amend the Complaint was filed on May 24, 2007 and signed by Your Honor on June 4, 2007. Plaintiff filed the Amended Complaint for the current action on July 18, 2007. Plaintiff is currently awaiting service of the amended complaint.

7. **Joinder of Parties**

8. **Discovery**

   a. **Status of Discovery**

      To date, plaintiff has conducted a deposition of in-house counsel for defendant, McNeil Consumer Healthcare. Plaintiff has also subpoenaed any and all records from Dover Motor Speedway. It is anticipated that further discovery will take place upon entry of appearance of defense counsel for defendants, Millsport, L.L.C. and Andrew McVey.

   b. **Discovery Contemplated by Each Party and the Amount of Time it May Take to Complete Discovery**

      i. **The Plaintiff**

      Due to the complexity of this case, plaintiff anticipates the need to take in excess of ten depositions in this case in the near future.

   **ii.**  **Defendants, McNeil Consumer Healthcare, Johnson & Johnson-Merck Consumer Pharamaceuticals, Co. & Johnson & Johnson**

    N/A because defendants, McNeil Consumer Pharmaceuticals Healthcare, Johnson & Johnson-Merck Consumer Pharmaceuticals, Co. and Johnson & Johnson anticipate that Plaintiff will be dismissing all defendants with the exception of Millsport, L.L.C. and Andrew McVey.

   **iv.**  **The Time To Complete Discovery**

    Plaintiff estimates that all discovery will be completed in six months by December 2007.

  **b.**  **Can Discovery be Limited?**

   At this stage of the proceedings, the parties have not identified any need for limitations upon discovery.

  **c.**  **Are Less Costly and Time-Consuming Methods Available to Obtain Necessary Information?**

   At this stage of the proceedings, the parties have not identified any less costly means by which to obtain information.

**9.**  **Estimated Trial Length**

  The parties respectfully request 4 days for trial for all issues.

  **a.**  **Is it Feasible or Desirable to Bifurcate Issues for Trial?**

   At this stage of the proceedings, the parties are unable to determine whether it is feasible or desirable to bifurcate trial.

  **b.**  **Is it Possible to Reduce the Length of the Trial by Stipulations, Use of Summaries or Statements, or Other Expedited Means of Presenting Evidence?**

   At this stage of the proceedings, the parties are unable to determine whether expedited means of presenting evidence are possible.

10. **Jury Trial**

   The parties have requested a jury trial on all issues so triable.

11. **Settlement**

   a. **Have There Been Settlement Discussions?**

   There have been no settlement discussions at this time.

   b. **What are the Prospects for Settlement?**

   Plaintiff intends to anticipate in settlement negotiations upon completion of further discovery.

   c. **Is Referral to the Magistrate for Mediation or other ADR Mechanism Appropriate?**

   Plaintiff is agreeable to ADR.

   N/A as to defendants, McNeil Consumer Healthcare, Johnson & Johnson-Merck Consumer Pharmaceuticals, Co. and Johnson & Johnson because defendants anticipate that plaintiff will be dismissing all defendants with the exception of Millsport, L.L.C. and Andrew McVey.

12. **Other Matters Counsel Considers Conducive to the Just, Speedy and Inexpensive Determination of This Action**

   a. **Resolution of a Discovery Dispute Between the Plaintiff and defendants**

   N/A as to defendants, McNeil Consumer Healthcare, Johnson & Johnson-Merck Consumer Pharmaceuticals, Co. and Johnson & Johnson because defendants anticipate that plaintiff will be dismissing all defendants with the exception of Millsport, L.L.C. and Andrew McVey.

   b. **Proposed Discovery Schedule**

   Plaintiff intends to have all discovery completed in 6 months, December 2007.

   N/A as to defendants, McNeil Consumer Healthcare, Johnson & Johnson-Merck Consumer Pharmaceuticals, Co. and Johnson & Johnson because defendants anticipate that plaintiff will be dismissing all defendants with the exception of Millsport, L.L.C. and Andrew McVey.

**13.     Statement that Counsel Have Conferred About Each of the Above Matters**

| | |
|---|---|
| DOROSHOW, PASQUALE, KRAWITZ & BHAYA | MARSHALL, DENNEHEY, WARNER COLEMAN & GOGGIN |
| By: __/s/ MATTHEW R. FOGG__<br>Arthur M. Krawtiz (I.D.# 2440)<br>Matthew R. Fogg (I.D.#4254)<br>1202 Kirkwood Highway<br>Wilmington, DE 19805<br>(302) 998-0100<br>Attorney for Daniel Siegfried | By: __s/ Kevin J. Connors__<br>Kevin J. Connors (I.D.#2135)<br>Kimberly Meany (I.D.#4740)<br>1220 N. Market St., Ste. 500<br>PO Box 8888<br>Wilmington, DE 19899<br>Attorneys for McNeil Consumer Healthcare, Johnson & Johnson-Merck Consumer Pharmaceuticals, Co. and Johnson & Johnson |
| DATED: 7/19/07 | DATED: 7/19/07 |

\15_A\LIAB\KAMEANY\LLPG\440179\PLLOCKWOOD\11001\00307